

FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C.
JAN 2 2 2003
LUTHER D. THOMAS, Clerk
By:
Deputy Clerk

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DONALD C. WAGNER, et al.,      :
                               :
                               :
         Plaintiffs,           :
                               :        CIVIL ACTION NO.
   v.                          :        1:01-CV-2448-RWS
                               :
AT&T CORPORATION and           :
AT&T EMPLOYEES BENEFIT         :
COMMITTEE,                     :

         Defendants.

## ORDER

This case is before the Court on the Court's *sua sponte* consideration of the appropriateness of joinder of Plaintiffs in this action. After reviewing the record and considering the arguments of the parties, the Court enters the following Order.

### Discussion

Parties may join their claims in one action if two requirements are met. Fed. R. Civ. P. 20(a). First, they must seek relief on the basis of the same transaction, occurrence, or series of transactions. Second, there should be a common question of law or fact. Joinder is proper only when both

AO 72A
(Rev.8/82)

114

requirements are established.  <u>Magnavox Co. v. APF Electronics, Inc.</u>, 496 F.

Supp. 29, 34 (N.D. Ill. 1980).  In the present case, the parties are not properly

joined because the alleged injuries resulted from separate but similar

transactions rather than from the same transaction or series of transactions.

In accordance with Federal Rule of Civil Procedure 21, a suit may not

be dismissed for misjoinder.  Nonetheless, the district court has discretion to

drop parties without prejudice and allow them leave to file their own suits.

Fed. R. Civ. P. 21; <u>Aaberg v. Acands, Inc.</u>, 152 F.R.D. 498, 501 (D. Md. 1994);

The Court also has broad discretion to sever claims and allow them to proceed

separately, even in the absence of misjoinder.  <u>U.S. v. O'Neil</u>, 709 F.2d 361,

369  (5th Cir. 1983); <u>see also</u> <u>Henderson v. AT&T Corp.</u>, 918 F. Supp. 1059,

1062 (S.D. Tex. 1996) (stating that use of Rule 21 for severance is not limited

to cases of misjoinder and concluding that severance of claims was necessary

to avoid prejudice to defendant).  A severance under Rule 21 results in

separate, independent actions.  <u>O'Neil</u>, 709 F.2d at 368.

Because the Court finds that the Plaintiffs in this action are misjoined,

the Court **ORDERS** that Plaintiffs' claims be severed.  Each Plaintiff wishing

to proceed must file a Complaint and pay the required filing fee within forty-

2

five (45) days of the entry of this Order.  For the purposes of any applicable

statute of limitations, the Complaint shall be deemed an Amended Complaint

amending the original Complaint filed September 13, 2001.  The Amended

Complaints may be similar to the Complaint previously filed under the civil

action number noted in the style of this case, but the caption should include

only the name of the individual Plaintiff wishing to proceed separately with his

case and paying the appropriate filing fee.  In addition to filing the Amended

Complaint with the Court, the individual Plaintiffs shall serve a copy of the

Amended Complaint on Defendant by sending a copy by first class mail to the

following address:

> John T. Murray, Esq.
> Seyfarth Shaw
> 1545 Peachtree Street, N.E.
> One Peachtree Pointe, Suite 700
> Atlanta, GA 30309-2401.

Civil action number 1:01-CV-2448-RWS will be assigned to Plaintiff

Robert Arnett.  Plaintiff Arnett, while not required to pay another filing fee,

will be expected to file an Amended Complaint outlining his individual claim

and captioned as Robert Arnett v. AT&T Corporation, et al.  Any other

Plaintiff wishing to proceed individually will be assigned a new civil action

3

number, and each of those cases shall be assigned to the undersigned. Any

Plaintiff who fails to file an Amended Complaint within the time specified shall

have his claims dismissed without prejudice. Defendant shall answer each

Amended Complaint within seventy-five (75) days of the entry of this Order or

within thirty (30) days of service of each Amended Complaint, whichever is

later.

   **SO ORDERED** this *22nd* day of January, 2003.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)